10-3782-ag
Ke v. Holder

BIA
A076 505 530

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of April, two thousand twelve.

PRESENT:
        ROBERT D. SACK,
        ROBERT A. KATZMANN,
        BARRINGTON D. PARKER,
                *Circuit Judges.*

_____

BE JING KE,
        *Petitioner*,

        v.                                       10-3782-ag
                                                 NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Peter S. Gordon, Forest Hills, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Ernesto H. Molina, Jr.,
                       Assistant Director; Jeffery R.
                       Leist, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Be Jing Ke, a native and citizen of the People's Republic of China, seeks review of the August 27, 2010, order of the BIA denying her motion to reopen. *In re Be Jing Ke*, No. A076 505 530 (B.I.A. Aug. 27, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of Ke's motion to reopen as untimely was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An alien may file one motion to reopen, generally no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Ke's 2010 motion was untimely because the agency issued the final administrative order in 2002. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The time limitation does not apply to a motion to reopen if it is "based on changed circumstances arising in the country

of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii). As the BIA concluded, Ke's practice of Falun Gong in the United States is not a changed circumstance arising in China. *Wei Guang Wang v. BIA*, 437 F.3d 270, 273 (2d Cir. 2006); *Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008).

Ke argues, however, that she demonstrated an increase in China's persecution of Falun Gong practitioners since the 2008 Olympics. While the evidence indicates that repression of Falun Gong practitioners increased during the 2008 Olympics, Ke failed to proffer evidence indicating what conditions existed for Falun Gong practitioners in China at the time of her 2000 merits hearing. The BIA's determination that the evidence failed to demonstrate changed circumstances in China since the time of Ke's previous hearing is, therefore, supported by substantial evidence. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (reviewing the BIA's factual findings

3

regarding changed country conditions under the substantial evidence standard). Contrary to Ke's argument that the BIA ignored evidence, the BIA is not required to address each individual piece of evidence and its decision indicates that it considered the evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n.17 (2d Cir. 2006).

Because the evidence Ke submitted was insufficient to establish changed conditions in China, and her recent dedication to Falun Gong constitutes only a change in personal circumstances, the BIA did not abuse its discretion in concluding that she failed to meet an exception to the filing deadline, and, consequently, in denying her untimely motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii); 8 C.F.R. § 1003.2(c)(2), (3).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4